**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZACHARY GOODMAN, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) WISE MEDIA, LLC, a Georgia limited liability company, ) ) ) Defendant. ) | Case No. 12-cv-9848 **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Zachary Goodman ("Plaintiff" or "Goodman") brings this class action complaint against Defendant Wise Media, LLC ("Defendant" or "Wise Media"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I. NATURE OF THE ACTION

1. Defendant Wise Media is a mobile marketing company that purports to sell consumers a subscription-based, monthly horoscope text message service.[1] In an effort to market its services, Defendant sent (or directed to be sent on its behalf) unsolicited text messages to Plaintiff's and putative Class members' wireless telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendant to send text messages to their wireless telephones.

---

[1] The New York Times, *What's Your Sign? It Could Be a Cram,* http://www.nytimes.com/2012/03/25/your-money/beware-of-cramming-on-your-cellphone-bill-the-haggler.html (last viewed November 28, 2012).

- 1 -

3. By sending such unauthorized text messages, Defendant caused Plaintiff and the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited text message activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose here. Venue is additionally proper because Plaintiff resides here.

## III. PARTIES

*Plaintiff*

7. Plaintiff Zachary Goodman is a natural person domiciled in the State of Illinois.

*Defendant*

8. Defendant Wise Media is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 1911

Grayson Highway, Suite 8-262, Grayson, Georgia 30017. Wise Media does business throughout the United States, the State of Illinois, and this District

## IV. FACTUAL BACKGROUND

9. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

11. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

12. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[2] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[3]

13. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service

---

[2] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited November 28, 2012).

[3] *Id.*

providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

14. As part of its advertising campaign, Defendant has sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without consent.

15. On April 7, 2012, Defendant transmitted the following text message to Plaintiff's wireless phone:

> HoroscopeGenie Alert: You can appreciate the smaller things in life, but draw the line at small minds. Reply STOP to cancel.

16. The "from" field of such transmission was identified cryptically as "27140," a format which is an abbreviated telephone number known as an SMS short code.

17. Defendant sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

18. On information and belief, Defendant sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

19. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to send or transmit text messages to his wireless phone.

## V. CLASS ALLEGATIONS

20. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Wise Media, LLC.

Excluded from the Class are Wise Media and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

21. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiffs can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

22. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Wise Media's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from Wise Media's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

23. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and

   (c) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

25. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

26. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Wise Media has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

27. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Wise Media, so it would be impracticable for Class members to individually seek redress for Wise Media's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management

difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### VI. CLAIM ALLEGED

#### COUNT I
#### Violation of the TCPA, 47 U.S.C. § 227

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant and/or its agents sent unsolicited commercial text messages to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

30. Defendant sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31. Defendant utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

32. By sending the unsolicited text messages to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA

33. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

### VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Zachary Goodman, individually and on behalf of the Class, requests and Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Zachary Goodman as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding of actual and statutory damages;

C. Requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: December 10, 2012  Respectfully submitted,

ZACHARY GOODMAN, individually
and on behalf of all others similarly situated

By:_____ _____ _____
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Peter K. Carlson
*pcarlson@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

4847-5761-1026, v. 1